1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  MARK SCOTT,                                    CASE NO. 07CV2110 WQH (LSP)

12                              Plaintiff,         ORDER GRANTING MOTION TO
                                                   PROCEED IN FORMA PAUPERIS
13          vs.                                    AND DISMISSING COMPLAINT
                                                   WITHOUT PREJUDICE FOR
14  SAN DIEGO PORT AUTHORITY, LAURA                FAILURE TO STATE A CLAIM
    TOSADO, and THE MARINE GROUP,

15                              Defendants.
16

17  HAYES, Judge:

18          Pending before the Court is Plaintiff's motion to proceed in forma pauperis.  (Doc. # 2).

19                              **DISCUSSION & ORDER**

20          On November 5, 2007, Plaintiff Mark Scott filed a Complaint against Defendants San Diego

21  Port Authority, Laura Tosado, and the Marine Group.  (Doc. # 1).  Plaintiff also filed the presently

22  pending motion to proceed in forma pauperis.  (Doc. # 2).

23  **I.  Motion to Proceed In Forma Pauperis**

24          All parties instituting a civil action, suit, or proceeding in a district court of the United States,

25  other than a petition for writ of habeas corpus, must pay a filing fee of $350.00.  28 U.S.C. § 1914(a).

26  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in

27  forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th

28  Cir. 1999).  "To proceed in forma pauperis is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114,

1    116 (9th Cir. 1965).

2        In his accompanying affidavit, Plaintiff states that he is not employed, and has not been

3    employed since 1993.  Plaintiff currently receives $750.00 per/month in Social Security Benefits, and

4    has $100.00 in a savings account.  Plaintiff does not own a car, and aside from the savings account,

5    does not own other assets such as stocks, bonds, or securities.  Plaintiff pays $450.00 per/month for

6    rent.

7        After considering Plaintiff's motion and the accompanying affidavit, the Court determines that

8    Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis

9    pursuant to 28 U.S.C. § 1915(a).  The Court therefore **GRANTS** Plaintiff's motion to proceed in

10   forma pauperis.  (Doc. # 2).

11   **II.  Sua Sponte Screening of the Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

12       Pursuant to 28 U.S.C. § 1915(e)(2), "[w]hen a complaint is filed in forma pauperis, it must be

13   dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks

14   monetary damages from defendants who are immune from suit." *Borhani v. Real Estate Companies*,

15   No. C 07-04637 PJH, 2007 U.S. Dist. LEXIS 72952, *4 (N.D. Cal. Sept. 21, 2007) (citing 28 U.S.C.

16   § 1915(e)(2)).  The purpose of 28 U.S.C. § 1915(e)(2) is to prevent "abusive or captious litigation,"

17   and to "spare prospective defendants the inconvenience and expense of answering such complaints."

18   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  "A complaint is frivolous for the purposes of § 1915(e)

19   if it lacks any arguable basis in fact or law." *Borhani*, No. C 07-04637 PJH, 2007 U.S. Dist. LEXIS

20   72952, *4 (N.D. Cal. Sept. 21, 2007) (citing *Neitzke*, 490 U.S. at 328-330)).  A complaint may be

21   dismissed for failure to state a claim where the factual allegations do not raise the "right to relief

22   above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also* FED.

23   R. CIV. P. 8(a)(2).  In determining whether a complaint fails to state a claim for relief, a court must

24   construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all

25   material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom.  *See*

26   *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see Sconiers v. Cal. Dep't of Soc. Serv.*, No.

27   CV F 06-1260 AWI LJO, 2007 U.S. Dist. LEXIS 14485, *2-6 (E.D. Cal. Feb. 16, 2007).

28       Plaintiff's Complaint is less than one page in length and makes vague reference to a ship or

1   vessel known as the "Tradition." *Complaint* at 1.  The Complaint also refers to the vessel's "seizure,"

2   and notes that the vessel is "under no persons ownership."  *Compl.* at 1.  However, aside from these

3   vague references, the Court cannot determine (1) whether Plaintiff claims an ownership interest in the

4   vessel, (2) how or why Defendants are subject to suit, (3) what injury, if any, Plaintiff suffered, and

5   (4) what relief Plaintiff is seeking.  After reviewing the Complaint, the Court concludes that the

6   Complaint does not put Defendants on fair notice of the claims against them, and does not raise the

7   "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

8   Accordingly, the Court sua sponte dismisses Plaintiff's Complaint for failure to state a claim pursuant

9   to 28 U.S.C. § 1915(e)(2).

10        IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED without prejudice and

11   with leave to amend.  The Clerk of the Court is Ordered to close this case.  Plaintiff may reopen this

12   case by filing a First Amended Complaint on or before Monday, December 17, 2007.

13        **IT IS SO ORDERED**.

14   DATED:  November 9, 2007

15                                           _William Q. Hayes_

16                                           **WILLIAM Q. HAYES**
                                             United States District Judge

- 3 -